UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Kamran Fattahi | Sandra Garcia | |

**Proceedings:** DEFENDANTS' MOTION TO TRANSFER VENUE (Dkt. 10, filed June 9, 2014)

## I.  INTRODUCTION AND BACKGROUND

On April 11, 2014, plaintiff Kaswit, Inc. ("Kaswit") filed this trademark and unfair competition lawsuit against defendants Dogfather K9 Connections Inc. ("DKC") and Frank Romano. The operative first amended complaint ("FAC") asserts federal Lanham Act claims for trademark infringement, false designation of origin, and cybersquatting, as well as California law claims for trademark infringement and unfair competition. FAC ¶¶ 39-65. In brief, Kaswit alleges that signage and websites belonging to DKC, a dog kennel in Santa Rosa, California, infringe Kaswit's "Dogfather" trademark. Id. ¶¶ 19-29.

On June 9, 2014, defendants moved to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1406(a), or alternatively pursuant to 28 U.S.C. § 1404(a). On June 16, 2014, plaintiff filed its opposition. Dkt. 13. Defendants replied on June 23, 2013. Dkt. 14. On July 7, 2014, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss or transfer a complaint for improper venue. When deciding a Rule 12(b)(3) motion, unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir.1996). To prevail on the Rule 12(b)(3) motion, the plaintiff only needs to make a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

prima facie showing of proper venue. There are two statutes that govern a motion to dismiss or transfer a case on the basis of venue: "(1) where venue is improper, a court must dismiss or transfer under 28 U.S.C. § 1406; (2) where venue is proper, the court may transfer to another district, for convenience, pursuant to 28 U.S.C. § 1404." Abrams Shell v. Shell Oil Co., 165 F. Supp. 2d 1096 (C.D. Cal. 2001).

### A. 28 U.S.C. § 1406

In determining if the plaintiff's preferred venue is improper for the purposes of 28 U.S.C. § 1406, the court looks to 28 U.S.C. § 1391(b), which provides that venue is proper in

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise of the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Once a defendant has raised a timely objection to venue, the plaintiff has the burden of showing that venue is proper. Bohara v. Backus Hosp. Med. Benefit Plan, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005); see Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979).

### B. 28 U.S.C. § 1404

Alternatively, if venue is found to be proper in this district, the Court may nonetheless find that transfer is appropriate based on consideration of the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a); see also Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where relevant agreements (if any) were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the

Case 5:14-cv-00718-CAS-SP   Document 15   Filed 07/07/14   Page 3 of 9   Page ID #:183

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL        'O'    JS-6

| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1] [c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., 2006 WL 4568799, at *1 (C.D. Cal. 2006). The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–79 (9th Cir. 1979); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) ("The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."). The decision to transfer lies within the sound discretion of the trial judge. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

### III.    ANALYSIS

#### A.    Motion to Transfer Pursuant to 28 U.S.C. § 1406

Plaintiff's complaint alleges that venue is proper in this district under both § 1391(b)(1) and § 1391(b)(2). As set forth below, the Court concludes that venue is improper in this district. Thus this action should be dismissed or transferred to the Northern District of California.

##### 1.    Venue Under 28 U.S.C. § 1391(b)(1)

Venue is proper under 28 U.S.C. § 1391(b)(1) if all of the defendants reside in California and at least one of the defendants is deemed to reside in the Central District of California. It is undisputed that individual Romano resides in the Northern District of California. Accordingly, venue is only proper if DKC resides in this district. For venue purposes, corporate defendants such as DKC "are deemed to reside . . . in any judicial district in which" a court may exercise personal jurisdiction exists over the corporation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

for purposes of the case in question. 28 U.S.C. § 1391(c)(3). Venue therefore turns on whether DKC is subject to this Court's personal jurisdiction with respect to this action. Bohara, 390 F. Supp. 2d at 960.

At the outset, the Court finds that only specific jurisdiction over defendant is properly at issue here. Plaintiff offers no allegations or evidence that would possibly support an exercise of general jurisdiction over DKC, which would require DKC's contacts be substantial enough to approximate physical presence in the forum state. See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

The Court has specific jurisdiction over DKC if DKC has sufficient minimum contacts with the forum state arising from, or related to, its alleged infringing actions, namely operating a dog kennel facility under the name Dogfather K9 Connections and its attendant website. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). The test for specific personal jurisdiction has three parts:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Id. at 1227–28 (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)); see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs; if either of these prongs is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

The first prong may be satisfied by a showing of either purposeful availment or purposeful direction. In a tort case, courts focus on the latter, applying the effects test set forth in Calder v. Jones, 465 U.S. 783 (1984). See Mavrix, 647 F.3d at 1228. The effects test requires a plaintiff to demonstrate that the defendant allegedly (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. Brayton Purcell LLP v. Recordon &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 | |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | | |

Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting Yahoo!, 433 F.3d at 1206). Because plaintiff has alleged trademark infringement, which is a tort-like cause of action, the Court applies the purposeful direction framework set forth in Calder. See Mavrix, 647 F.3d at 1228; Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 672 (9th Cir. 2012).

     Plaintiff argues that the first prong of the effects test is satisfied because defendants intentionally registered their various infringing "dogfatherk9connections" domain names and advertised their services through the same trade channels and to the same customer base as plaintiff. Opp'n at 7. Further, plaintiff contends that defendants have wilfully infringed plaintiff's Dogfather mark by using the identical term to refer to Romano and as part of defendant's name Dogfather K9 Connections which offers services such as dog training, boarding and day care. Id. Plaintiff argues that the second and third prong of the Calder effects tests are satisfied because the defendants' website expressly aimed its dog services at this district by targeting the same location and residents where defendants know plaintiff offers its related dog services. Id. Additionally, plaintiff alleges that Romano leads a dog training seminar in Burbank, California. Id. at 9; Fattahi Decl., Ex. 2. In response, defendants contend that the mere maintenance of their passive website does not constitute purposeful availment in every jurisdiction from which the website may be accessed. Reply at 3-4.

     Based on this evidence, plaintiff has not met his burden showing that DKC is subject to personal jurisdiction in this district. Plaintiff does not introduce sufficient evidence that DKC directed its activities towards this district. As discussed above, DKC's kennel facility is located entirely in the Northern District of California. Additionally, plaintiff offers no evidence that DKC solicits business in this district.

     Further, plaintiff cannot rely upon defendants' website to justify venue being proper in this district. With respect to the express aiming prong of the Calder effects test, the Ninth Circuit requires "something more" than maintenance of a passive website to satisfy the express aiming prong. Mavrix, 647 F.3d at 1229. In determining whether a non-resident defendant has done "something more," a court considers several factors including: (1) the interactivity of the defendant's website, (2) the geographic scope of the defendant's commercial ambitions, and (3) whether the defendant 'individually targeted' a plaintiff known to be a forum resident.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

    While plaintiff is able to satisfy the first prong of the Calder effects test by alleging that defendants' acts were intentional, plaintiff's few factual allegations supporting that defendants expressly aimed their website towards this district are insufficient. In these circumstances, plaintiff argues, the Court should adopt the reasoning employed in Juniper Networks, Inc. v. Juniper Media, LLC, to find that DKC individually targeted plaintiff. 2012 WL 160248, *2 (N.D. Cal. Jan. 17, 2012); Opp'n at 7. In Juniper Networks, the court held that "[i]nfringement of intellectual property rights via the web, for the purpose of competing in the forum, is sufficient to constitute individual targeting." Id. However, plaintiff fails to offer evidence or allegations with sufficient factual specificity to persuade the Court that defendants designed their website to serve this district's dog-related trade channels and customer base.[1] Moreover, neither the interactivity of defendants' website nor the geographic scope of the defendant's commercial ambitions appear to favor finding that the defendants have done "something more" than maintenance of their passive website which would satisfy the express aiming prong. See Mavrix, 647 F.3d at 1229.

    Accordingly, because this Court concludes that DKC did not purposefully direct its activities toward this district, plaintiff does not satisfy the first prong of the specific jurisdiction test. Thus plaintiff fail to meet his burden of proof showing that defendant DKC is subject to this Court's personal jurisdiction with respect to the civil action in question. Mavrix, 647 F.3d at 1228. Since DKC is not subject to this Court's personal jurisdiction, venue is improper under 28 U.S.C. § 1391(b)(1) because no defendant resides in this District.

        2.      Venue Under 28 U.S.C. § 1391(b)(2)

    Venue is proper in this district under this subpart of the general venue statute if "a substantial part of the events or omissions giving rise to the claim occurred" in the Central District of California. "In a trademark infringement action, 'the actionable wrong takes place both where infringing labels are affixed to the goods and where confusion of

---

    [1]Additionally, plaintiff offers evidence that defendant Romano spoke at an event in Burbank, California for the California Narcotic Canine Association. This evidence is irrelevant because it appears to have no connection with defendants' alleged acts of infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

purchasers is likely to occur.'" Sutter Home Winery, Inc. v. Madrona Vineyards, L.P., 2005 WL 701599, *4 n. 2 (N.D. Cal. March 23, 2005).

Plaintiff argues that venue is proper in this District under § 1391(b)(2) because the trademarked property at issue is located and distributed from this district, and Southern Californian purchasers might become confused by defendants' website's allegedly infringing marks and accidently purchase their services. Opp'n at 5.

In response, defendants contend that defendants' allegedly infringing labels are affixed "on the exterior signage of [their] facility" and "on road-side signage directing customer to [their] facility," and therefore the alleged trademark infringement takes place in the Northern District of California, "not in Southern California where the plaintiff's goods are distributed by a third party." Reply at 2. Additionally, defendants argue that plaintiff's allegation that confused Southern California purchasers likely accidentally purchase DKC's services from the internet should be dismissed as conjecture. Id.

Based on the above evidence, plaintiff has not met his burden showing that a substantial part of the alleged trademark infringement took place in this district. Both the presence of plaintiff's trademarked property and its distribution from this district by a third party are irrelevant in determining whether venue is proper in this district. Plaintiff offers no evidence that consumers in the Central District are likely to be confused by the name of a dog kennel located in the Northern District. Although plaintiff hypothesizes that Southern California purchasers could become confused by defendants website when researching trips to Northern California, this scenario is speculative at best. Accordingly, 28 § 1391(b)(2) does not justify venue in this district.

   3.  Dismissal or Transfer Pursuant to 28 U.S.C. § 1406(a)

As set forth above, the Court concludes that venue is improper in this district. When a district court determines an action has been brought in "the wrong division or district," the Court may either dismiss the case, or "if it be in the interest of justice," transfer the case. See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1991) (per curiam). For the sake of avoiding the unnecessary delay and expenses involved in re-filing this action and re-serving defendants, the Court finds that the interests of justice weigh in favor of transferring the case in lieu of dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 |
|---|---|---|---|
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | |

Section 1406(a) "instructs a court to transfer a case from the 'wrong' district to a district 'in which it could have been brought under § 1391.'" Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 578 (2013) (quoting Van Dusen v. Barrack, 376 U.S. 612, 621, n.11 (1964)). The allegations in plaintiff's complaint persuade this Court that this case should be transferred to the Northern District of California where venue would be proper pursuant to § 1391(b)(2) because a substantial part of the alleged acts of infringement giving rise to this action occurred there. For example, it is plain that the various allegedly infringing signage giving rise to this action are present in the Northern District of California and that defendants provide their dog related services there as well. Accordingly, the Court finds that transfer to the Northern District of California is appropriate under § 1406(a).

    **B.**    **Dismissal or Transfer Pursuant to 28 U.S.C. § 1404(a).**

Alternatively, if venue is proper in this district, defendants argue in the alternative that this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses, and in the interest of justice. Mot. at 6-7. Defendants contend that this matter should be transferred to the Northern District of California because both defendants, almost all of the witnesses, the events and omissions at issue, and much of the evidence is located in or around Santa Rosa, California. Id. at 5-7. Further, defendants argue that if this action is litigated here, this Court would be unable to subpoena witnesses who reside further than 100 miles away in northern California pursuant to Fed. R. Civ. P. 45(c)(1)(A). Id. at 6-7. In response, plaintiff contends that plaintiff's non-employee witnesses live in this district. Opp'n at 9-10.

As discussed above, venue is not proper in this district. Alternatively, even if venue were proper in this district, the Court would nonetheless concludes that this action should be transferred to the Northern District of California pursuant to § 1404. First, venue is proper in the Northern District of California. Second, transferring this case to the Northern District of California also promotes the interests of justice because this Court is unable to compel witnesses outside the 100-mile limit from appearing for trial testimony with relevant evidence. Fed. R. Civ. P. 45(c)(1)(A). Since these witnesses likely reside or are employed near Santa Rosa, they would likely be within the subpoena power of the Northern District of California. See Fed. R. Civ. P. 45(c)(1)(B). Finally, although the Northern District of California might be farther from plaintiff and some of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' | JS-6 |
|---|---|---|---|---|
| Case No. | 5:14-cv-00718-CAS(SPx) | Date | July 7, 2014 | |
| Title | KASWIT, INC. V. DOGFATHER K9 CONNECTIONS, LLC | | | |

his witnesses than this district, defendants have met their burden of showing that convenience and justice factors weigh heavily in favor of venue in the Northern District of California. Accordingly, the Court finds that transfer to the Northern District of California is also appropriate under § 1404(a).

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants' motion to transfer this action to the Northern District of California.

IT IS SO ORDERED.

|  | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |